1
Allison C. Worden (SBN 211104)
2
Max E. Halpern (SBN 305097)
**GOMEZ TRIAL ATTORNEYS**
3
655 W. Broadway, Suite 1700
San Diego, California 92101
4
Tel:  (619) 237-3490/Fax: (619) 237-3496
5

6
Attorneys for Plaintiff
7
Christine Cameron

8

9
**IN THE UNITED STATES DISTRICT COURT**
10
**FOR THE DISTRICT OF ARIZONA**
11

| Christine Cameron, | ) | Case No.: 3:17-cv-08082-JJT |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **PLAINTIFF CHRISTINE** |
| | ) | **CAMERON'S MOTION TO** |
| vs. | ) | **PRECLUDE TESTIMONY FROM** |
| | ) | **DEFENSE EXPERT NANCY** |
| Lowes Home Centers, Inc.; and Does 1 | ) | **MICHALSKI** |
| through 35, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Christine Cameron ("Plaintiff") respectfully submits this memorandum of points and authorities in support of her motion to preclude testimony from Defendant Lowe's expert vocational rehabilitation witness Nancy Michalski.

This motion is based upon the grounds that Nancy Michalski's ("Michalski") expert report and testimony is not allowed under Arizona's collateral source rule that allows a Plaintiff to claim and recover full amount of medical expense for which she was charged, without any reductions for amounts written off by healthcare providers or insurance company rates. Michalski attempts to offer disallowed testimony that the amounts charged by Plaintiff's medical providers should be reduced based on amounts that are written off by healthcare provider or medical insurance carriers. (Declaration of Max E. Halpern, ¶ 2, Exh. 1)

## INTRODUCTION

Defendant Lowe's Home Centers, LLC ("Lowe's") displays and sells boxes of flooring tile weighing approximately 60 pounds. Lowe's owes a duty of care to its customers to safely merchandise its products for customer to safely access. A single box of flooring tile stacked on its narrow 3-inch "edge side," rather than its stable "flat side," is highly susceptible to falling from displays. On February 3, 2016, an improperly stacked single box of flooring tile, unsafely merchandised alone on its 3-inch edge-side, fell from the display, crushing Plaintiff's left foot. Plaintiff was transported to the hospital via ambulance. Since the incident, Ms. Cameron has been diagnosed with Complex Regional Pain Syndrome ("CRPS").

Due to Ms. Cameron's debilitating and severe injury and medical condition of CRPS, she has undergone a panoply of medical treatment by several medical providers. A part of Ms. Cameron's claim in this case are the medical bills and charges she has incurred from her medical providers – her economic loss of past medical bills.

/ / /

/ / /

1

## FACTUAL BACKGROUND

2
3
4

Following the parties' stipulation on October 25, 2018, this Court issued a Jury Trial Preparation and Scheduling Order setting the deadline to file *Daubert* motions in this matter to January 30, 2019.  [Dkt. No. 124]

5
6
7
8
9
10
11

Defendant Lowe's Expert Nancy Michalski was designated to testify about "medical billing charges."  In reviewing Michalski's expert report – she attempts to offer evidence that violates Arizona's collateral source rule.  Namely, Michalski attempts to improperly present medical billing prices that have been reduced for amounts written off by healthcare providers or health insurance company rates.  As discussed and cited below, this testimony is disallowed under Arizona law, and should not be allowed in this case.

12

## THE *DAUBERT* LEGAL STANDARD

13

**A.    Federal Rule of Evidence 702**

14
15

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

16
17

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

18
19

(a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

20

(b)    the testimony is based on sufficient facts or data;

21

(c)    the testimony is the product of reliable principles and methods; and

22
23

(d)    the expert has reliably applied the principles and methods to the facts of the case.

24

**B.    Daubert Standard**

25
26
27
28

Before permitting expert testimony, courts must perform three independent inquiries: (1) whether the expert witness is appropriately qualified; (2) whether the expert's testimony is relevant; and (3) whether the expert's testimony is reliable.  *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993)

("*Daubert*").  The party proposing the expert witness bears the burden of establishing the expert's admissibility by the preponderance of the evidence standard.  See Fed. R. Evid. 702 advisory committee's note (2000).

As *Daubert* explained, this Court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.  The Court must also "make certain that an expert whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  Rule 702 empowers the Court with an important "gate-keeping" function to exclude expert testimony that fails to meet one of the threshold requirements. *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002).

First, the expert must be qualified by knowledge, skill, experience, training or education.  Fed. R. Evid. 702.  In determining whether a proposed expert is qualified, courts consider "the expert's particular expertise, and the subject of his testimony." *Kumho Tire*, 526 U.S. at 147; see also *LuMetta v. United States Robotics, Inc.*, 824 F.2d 768, 771 (9th Cir.1987) (holding trial court properly excluded expert testimony where expert was found to have only limited knowledge of the specific area in which their testimony was offered).

Second, the expert testimony must be relevant.  Relevance means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (explaining that "[e]xpert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent injury").  The expert testimony must give the fact finder "appreciable help" to an issue in the case. *See United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986).

Third, the expert's testimony must be reliable, i.e., the expert's testimony reflects scientific knowledge, the findings are derived by the scientific method, and the work product amounts to "good science." *Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311,

1315 (9th Cir. 1995) ("Daubert II") (citation and quotations omitted).   Scientific

evidence is reliable "if the principles and methodology used by an expert are grounded in

the methods of science." *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir.

2003).  In determining reliability, the focus is on the principles and methodology, not on

the conclusions that [the experts] generate. *Daubert*, 509 U.S. at 594 – 95.

## LEGAL ARGUMENT

**A.    Nancy Michalski's Expert Report and Opinion Reducing Plaintiff's Medical Bills is Neither Relevant Nor Allowed under Arizona Law**

Under the Erie rule, in a matter pending in federal court under diversity

jurisdiction, matters that are substantive are governed by the residing state law. *Erie R.*

*Co. v. Tompkins* (1938) 304 U.S. 64.  Federal courts determining whether proffered

expert testimony must consider the governing substantive tort standards. *See Daubert v.*

*Merrell Down Pharmaceuticals, Inc. (Daubert II)* 43 F.3d 1311, 1319-1321 (9th Cir.

1985).

Under Arizona law, plaintiffs are entitled to claim and recover the full amount of

reasonable medical expenses that they are charged, without any reduction for the amounts

apparently written off by healthcare providers pursuant to contractually agreed-upon rates

with medical insurance carriers. *Lopez v. Safeway Stores, Inc.*, 212 Ariz. 198, 207

(Ct. App. Div. 2 2006)  This rule – that evidence of amounts medical insurance carriers

may pay for medical services is not allowed to be admitted at trial – stems from

Arizona's collateral source rule. *Id.* at 202.  The collateral source rule requires that

"payments made to or benefits conferred on the injured party from other sources are not

credited against the tortfeasor's liability, although they cover all or a part of the harm for

which the tortfeasor is liable." *Ibid.*  The *Lopez* court held, and remains the law,

> Therefore, we hold that Lopez was entitled to claim and recover the full amount of her reasonable medical expenses for which she was charged, without any reduction for the amounts apparently written off by her healthcare providers pursuant to contractually agreed-upon rates with her medical insurance carriers.

Here, Defendant Lowe's expert witness Michalski attempts to introduce evidence of medical billing that has been reduced based on "written off by healthcare providers pursuant to contractually agreed-upon rates with medical insurance carriers." This type of evidence is not allowed under Arizona law and violates the collateral source rule. Only the medical billing that Plaintiff Chris Cameron was charged – or is charged for this type of medical treatment – not rates based on reductions pursuant to insurance contracts – are admissible.

This Court must exclude Michalski from testifying about medical billing rates that are reduced under medical insurance contracts or lowered due to insurance carrier agreements. Arizona's collateral source rules solely allows presentation of charged rates.

**B.     Nancy Michalski Has Not Supplemented her Expert Report at Anytime**

Notably, Nancy Michalski has not supplemented her expert report at any time despite receipt of additional medical billing subsequent to her report. Michalski must not be permitted to provide any supplemental opinions not timely provided to Plaintiff's counsel. Federal Rule of Civil Procedure 26(e).

## CONCLUSION

For the foregoing reasons, Plaintiff Christine Cameron respectfully requests that the Court preclude any testimony from the Defendant Lowe's expert witness Nancy Michalski in this case.


DATED:    January 30, 2019              **GOMEZ TRIAL ATTORNEYS**


                                        By:    s/Max E. Halpern
                                               Allison C. Worden
                                               Max E. Halpern
                                               Attorneys for Plaintiff
                                               Christine Cameron