**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Cameron, | No. CV-17-08082-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Lowes Home Centers Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendant Lowe's Home Centers, LLC's *Daubert* Motion to Exclude Testimony of Plaintiff's Expert Stanley Graves, M.D. (Doc. 153, Mot.), to which Plaintiff Christine Cameron filed a Response (Doc. 168, Resp.), and Defendant filed a Reply (Doc. 179, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.    LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been

subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends the on knowledge and experience of the expert, rather than a particular methodology. *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595 (citation omitted).

## II. ANALYSIS

Defendant argues that Dr. Stanley Graves is unqualified to offer opinions regarding the diagnosis or treatment of Complex Regional Pain Syndrome ("CRPS") and that his opinion is cumulative and prejudicial to Defendant. (Mot. at 10, 12.) Plaintiff responds that

Dr. Graves's opinion is reliable and non-cumulative because he explains how Plaintiff's CRPS affects the orthopedic nature of her injuries. (Resp. at 2.)

### A. Dr. Graves's Qualifications Regarding CRPS Testimony

Defendant argues Plaintiff has failed to address the "specific" training or education Dr. Graves has received to be considered an expert regarding CRPS. (Reply at 2.) It claims Plaintiff "vaguely asserts" the education, experience, and skill that qualify Dr. Graves to opine on CRPS. (Reply at 2.) Defendant contends Plaintiff simply compares Dr. Graves's training and education to the training and education of Defendant's own orthopedic expert, Dr. Raymond Vance, without taking into consideration the difference in "detailed" training and education on their respective resumes. (Reply at 2.) In response, Plaintiff asserts that Dr. Graves's medical professional practice and experience are what qualify him to opine on his patient's CRPS. (Resp. at 2–3.) Furthermore, Plaintiff argues that Defendant should not be entitled to offer opinions of its own expert, Dr. Vance, based on his experience as an orthopedic doctor if Plaintiff cannot offer Dr. Graves's opinions based on his experience as an orthopedic surgeon. (Resp. at 3.)

After reviewing the exhibits provided, the Court finds that Dr. Graves is qualified to opine on CRPS as it relates to Plaintiff's orthopedic medical conditions. Rule 702 allows "[a] witness who is qualified as an expert by . . . experience" to "testify in the form of an opinion." In this case, Dr. Graves relies on his experience as an orthopedic surgeon to opine on CRPS with regard to Plaintiff's orthopedic condition. (Resp. at 3.) Under Rule 702, an expert witness is not required to have specific training or education when experience is enough. In fact, "[n]othing in [Rule 702] is intended to suggest that 'experience alone'— or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony." *U.S. v. Gonzales*, 2010 WL 5392644, at *3 (D. Ariz. Dec. 28, 2010). On average, Dr. Graves sees five patients a week who have general CRPS symptoms and 10 to 12 patients annually who have foot and ankle CRPS symptoms. (Doc. 168-1 Ex. 1, Dr. Graves Deposition.) This amount of exposure to CRPS

is more than enough experience for an orthopedic expert to opine on CRPS as it relates to Plaintiff's orthopedic conditions.

Additionally, both parties assert that their respective orthopedic experts' opinions regarding CRPS derive from their education, training, and experience and that the treatment of CRPS may involve a "pain management specialist." (Dr. Graves Deposition; Doc. 168-1 Ex. 2.) Although Defendant asserts that Plaintiff does not take into consideration the detailed training and education of Dr. Vance, the Court finds no evidence of any detailed training and education presented that would differentiate Dr. Vance from Dr. Graves to make one qualified and not the other, nor does Defendant cite to this evidence. Just as Dr. Vance's experience as an orthopedic surgeon qualifies him to opine on CRPS with regard to Plaintiff's medical condition, so does Dr. Graves's experience. Accordingly, the Court will deny Defendant's Motion on this point.

### B. Cumulative and Duplicative Nature of Dr. Graves's Testimony

Defendant next asserts that Dr. Graves's opinion on CRPS is unfairly prejudicial to Defendant because it is cumulative and duplicative. (Mot. at 12–13.) Defendant points out that Plaintiff has retained Dr. Nikesh Seth, a pain management expert, who will testify on CRPS with regard to Plaintiff's medical conditions and that Dr. Graves's opinion regarding Plaintiff's CRPS "rel[ies] entirely on the expert opinions of Dr. Seth." (Mot. at 13.) Defendant argues there is risk a jury will lend more credibility to expert testimony that is repeated similarly throughout multiple expert opinions. (Mot. at 13.) For her part, Plaintiff contends Dr. Graves's expert testimony is "specific to his medical evaluation and expertise in orthopedic medicine." (Resp. at 3.) Plaintiff claims Dr. Graves's testimony differs from Dr. Seth's because "Dr. Graves presents expert medical opinion from an orthopedic standpoint as to [Plaintiff's] condition of CRPS" and does not opine on "the specific pain management treatment Dr. Seth recommends to treat Plaintiff's CRPS." (Resp. at 3.)

The Court disagrees that Dr. Graves's expert testimony is cumulative and duplicative. The district court has the discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [or]

misleading the jury." Fed. R. Evid. 403. Here, Dr. Graves's opinion is specific to his medical evaluation of Plaintiff. (Doc. 168-1 Ex. 1 at 5.) Dr. Graves, as an orthopedic expert, and Dr. Seth, as a pain management specialist, may both be permitted to address Plaintiff's CRPS in their respective professional capacities. The Court will deny Defendant's Motion on this point but will allow Defendant to re-raise the issue at trial should Plaintiff's presentation become cumulative through repetitive questioning.

## III. CONCLUSION

The Court finds that Dr. Graves is qualified to opine on CRPS with regard to Plaintiff's orthopedic medical condition and that his testimony is not cumulative and duplicative.

**IT IS THEREFORE ORDERED** denying Defendant's *Daubert* Motion to Exclude Plaintiff's Expert, Dr. Stanley Graves, M.D. (Doc. 153).

Dated this 26th day of June, 2019.

Honorable John J. Tuchi
United States District Judge