**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Cameron,<br><br>Plaintiff,<br><br>v.<br><br>Lowes Home Centers Incorporated, *et al.*,<br><br>Defendants. | No. CV-17-08082-PCT-JJT<br><br>**ORDER** |

At issue is Defendant Lowe's Home Centers, LLC's *Daubert* Motion to Exclude Testimony of Plaintiff's Expert Alex Balian (Doc. 152, Mot.), to which Plaintiff Christine Cameron filed a Response (Doc. 166, Resp.), and Defendant filed a Reply (Doc. 181, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.  LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been

subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends on the knowledge and experience of the expert, rather than a particular methodology. *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595 (citation omitted).

**II.    ANALYSIS**

Defendant moves to exclude the testimony of Plaintiff's merchandising practices expert, Alex J. Balian, arguing that Mr. Balian's opinion is unreliable, speculative, unhelpful to the jury, and lacking in foundation. (Mot. at 5.) Plaintiff contends that

Mr. Balian's testimony is relevant and he reliably applies the facts and data of the case to the industry standards. (Resp. at 1.)

### A. Mr. Balian's Testimony Regarding Length of Time Alleged Dangerous Condition Existed and Whether Defendant Followed Its Policies and Procedures

Defendant argues that Mr. Balian's opinion regarding the length of time the alleged dangerous condition existed and whether Defendant followed its policies and procedures lacks foundation and is speculative. (Mot. at 9.) Defendant also contends that the employee testimony Mr. Balian relies on for his own opinion does not require expert assistance to be understood by the trier of fact because the employee testimony is not complex and contains no scientific or technical data. (Reply at 2.) Plaintiff responds that Mr. Balian's opinion is reliable because it is grounded on his experience and Defendant's sales data of the item at issue in this case, namely, a box of flooring tile. (Resp. at 8.)

In his report, Mr. Balian makes multiple inferences. He infers that a dangerous condition existed with respect to how the flooring tile boxes were stacked and that the alleged dangerous condition "would have been discovered" if an inspection had occurred following the last customer purchase of the flooring tile four days prior to the incident in question. (Mot. Ex. C at 2.) Mr. Balian bases his conclusion that Defendant failed to follow its policies and procedures on the deposition testimony of Defendant's employee, Ms. Janet Husband. (Mot. Ex. B at 1.) Specifically, Mr. Balian states that the "accepted retail practice" was "confirmed" when Ms. Husband stated that the boxes of tile "should be positioned flat." (Mot. Ex. B at 3.) Mr. Balian goes on to reference Ms. Husband's deposition testimony five additional times to support and confirm his conclusions. (Mot. Ex. B at 3; Mot. Ex. C at 2.)

The Court is not persuaded that Mr. Balian's opinion is reliable regarding the length of time the alleged dangerous condition existed. When the report of an expert witness offers no foundation for one of his conclusions, a court may properly exclude that portion of the opinion under Rule 702, *Daubert*, and *Kumho Tire*. *Provident Life & Accident Ins. Co. v. Fleischer*, 18 Fed. App'x 554, 556 (9th Cir. 2001). Mr. Balian does not, in fact, know how

long the box of tile was in the alleged unsafe position, and his testimony that Defendant failed to implement its procedures by not inspecting for four days based on the last purchase of the box of tile is purely speculative. (Mot. Ex. C at 2.) Therefore, Mr. Balian's testimony regarding the length of time the alleged dangerous condition existed and whether Defendant followed its policies and procedures lacks foundation, and the Court will exclude it.

Furthermore, Rule 702 states that a witness who is qualified as an expert by experience may testify if his specialized knowledge will "help the trier of fact to understand the evidence" of the case. *See Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). Here, Mr. Balian's opinion is not necessary to help the trier of fact understand Ms. Husband's deposition testimony regarding whether Defendant followed its policies and procedures. Mr. Balian's opinion does not expound upon Ms. Husband's testimony with principles and references from his experience that support his own conclusion that Defendant did not follow its policies and procedures. (Mot. Ex. B at 4.) Instead, he simply states his conclusions without the requisite support and "confirms" them from what Ms. Husband has stated. (Mot. Ex. B at 3.) Because the jury can weigh Ms. Husband's testimony for itself without Mr. Balian's assistance, Mr. Balian's opinion is irrelevant, and the Court will exclude it for this additional reason.

### B. Mr. Balian's Testimony Regarding Proper Stacking for Boxes of Tile

Defendant next argues that Mr. Balian does not have any experience that would make him "uniquely qualified" to opine on how to properly and safely stack boxes of tile. (Reply at 4.) Defendant contends that the way the boxes of tile were allegedly stacked is "a matter of common sense" that does not require expert testimony. (Mot. at 14.) Additionally, Defendant claims Mr. Balian provided a vague opinion of the retail store industry standard for safely merchandising goods. (Reply at 4.) In response, Plaintiff argues Mr. Balian's testimony is reliable because he cites industry standards specific to the safety, stability, and customer accessibility of the boxes of tile at issue. (Resp. at 8–9.)

The Court has reviewed Mr. Balian's CV as well as his past testimony in cases related to the retail industry. (Doc. 166-1, Ex. 2, Balian CV; Ex. 3, Balian Past Testimony.) At the time of his report, Mr. Balian had been a consultant for almost 30 years in retail store operations. (Balian CV.) In this capacity, he would "[a]dvise, train, and execute policies and procedures in . . . retail stores" as well as develop training manuals and safety procedures and policies for the day-to-day operations of retail stores. (Balian CV.) Moreover, Mr. Balian has testified in over 200 cases related to the operation of retail stores. (Doc. 166-1 Ex. 3, Balian Past Testimonies.) The Court finds this experience to be more than ample, and Mr. Balian is qualified to testify about safe merchandise displays.

The Court is not convinced that Mr. Balian must be "uniquely qualified" to proffer an opinion on the proper way to safely stack boxes of tile. Rule 702 allows an expert to opine on subjects if his "specialized knowledge" will "help the trier of fact" understand the evidence in the case. Although Mr. Balian is not an expert specifically in stacking boxes of tile, he has a sufficient amount of specialized experience necessary to help the trier of fact understand the safety implications of stacking items displayed in retail stores in certain manners. (Balian CV.) Just because Mr. Balian may not have unique experience in relation to tile itself does not make him unqualified to speak on boxes that contain tile, and it would be impractical to require an expert witness to be "uniquely qualified" for every detail of an item at issue.

Moreover, the Court does not agree with Defendant's argument that the stacking of boxes of tile in a retail store is necessarily a matter of "common sense." (Mot. at 14.) Rule 702 "direct[s] courts to ask whether the finder of fact 'would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.'" *Heishman v. Ayers*, 621 F.3d 1030, 1042 (9th Cir. 2010). With regard to the stacking of boxes of tile, a layman would not be able to determine "to the best possible degree" how this merchandise should be safely displayed in a retail store. Mr. Balian has experience

operating multiple retail establishments and may therefore speak to the stacking of boxes in a retail store.

Finally, although Defendant raises the issue of Mr. Balian providing a "vague" opinion of the retail store industry standard for safely merchandising goods, it is admissible evidence because it meets the requirements of Rule 702. (Reply at 4.) When arguably "shaky but admissible evidence" is presented in a case, "the traditional and appropriate means of attacking" the evidence is through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. Moreover, "[i]n many instances cross-examination will be sufficient to expose defects in an expert's presentation." *Harrington v. Richter*, 562 U.S. 86, 111 (2011). It would be inappropriate to completely exclude Mr. Balian's asserted industry standard merely because it is somewhat vague when the testimony itself is relevant and reliable. Therefore, because Mr. Balian's opinion meets the standards of Rule 702, the Court will allow it, and Defendant may then attack this testimony at trial if it wishes. The Court will thus deny Defendant's Motion on this point.

### C. Mr. Balian's Testimony Regarding Understaffing

Lastly, Defendant claims Mr. Balian's opinion that Defendant was understaffed is unfounded. (Mot. at 15.) Defendant contends that Mr. Balian's opinion, once again, rests on the deposition testimony of Defendant's employee. (Mot. at 15.) Plaintiff, in fact, concedes that Mr. Balian's conclusion that Defendant was understaffed is based on Defendant's employee's deposition testimony. (Resp at 10.) However, Plaintiff argues that Mr. Balian's citation to the employee's testimony should be properly addressed on cross-examination instead of being excluded as an unreliable and irrelevant expert opinion. (Resp at 10.) Mr. Balian also cites to his own observations during his inspection of Defendant's store where he witnessed no employee respond to a customer's request for assistance, which he used as support for his conclusion that Defendant was understaffed. (Mot. Ex. C at 1–2.)

The Court agrees with Defendant that Mr. Balian's opinion is unreliable and unfounded regarding whether Defendant was understaffed at the time of the incident. When the report of an expert witness offers "no foundation" for one of his conclusions, a court may properly exclude that portion of the opinion under Rule 702, *Daubert*, and *Kumho Tire*. *Fleischer*, 18 Fed. App'x at 556. Here, Mr. Balian's understaffing testimony lacks any reliable support. To the extent he uses a witness's testimony to determine that Defendant was understaffed, the jury does not need Mr. Balian to interpret that testimony. Moreover, the jury does not need an expert to infer that a retail store being understaffed is indicative of the retail store being under-inspected, particularly where the understaffing conclusion lacks foundation. Instead, Plaintiff may rely on the lay witness to testify as to what she experienced, and a jury is able to understand such testimony and make its own reasonable inferences. Therefore, Mr. Balian's testimony concluding that Defendant was understaffed and under-inspected is speculative. The Court will thus grant Defendant's Motion on this point.

## III. CONCLUSION

The Court finds that Mr. Balian's opinions regarding the length of time the alleged dangerous condition existed, whether Defendant followed its policies and procedures, and whether Defendant was understaffed and under-inspected are not sufficiently reliable to permit him to give them to the jury. Mr. Balian may opine regarding safe merchandise displays as they relate to boxes of tile.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant's *Daubert* Motion to Exclude Testimony of Plaintiff's Expert, Alex Balian (Doc. 152), as specified in this Order.

Dated this 26th day of June, 2019.

Honorable John J. Tuchi
United States District Judge