**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Cameron, | No. CV-17-08082-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Lowes Home Centers Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendant Lowe's Home Centers, LLC's *Daubert* Motion to Exclude Testimony of Plaintiff's Expert Gloria Shurman, Ph.D. (Doc. 154, Mot.), to which Plaintiff Christine Cameron filed a Response (Doc. 167, Resp.), and Defendant filed a Reply (Doc. 180, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.  LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been

subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends on the knowledge and experience of the expert, rather than a particular methodology. *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595 (citation omitted).

**II.   ANALYSIS**

Defendant argues that Dr. Shurman's opinion regarding Plaintiff's psychological condition is unreliable because her opinion is not based on reliable facts or methodology. (Mot. at 9.) It contends that Dr. Shurman's conclusion that the incident caused Plaintiff's need for therapy and treatment is speculative because Plaintiff had "pre-existing depression and anxiety which was exacerbated by the incident." (Mot. at 10–11.) Defendant also

claims Dr. Shurman's opinion is unreliable because she has a financial interest in the outcome of the case based on the expectation that she will continue to be Plaintiff's treating therapist. (Mot. at 11–12.) In response, Plaintiff argues that Dr. Shurman's testimony is reliable and grounded on facts obtained during therapy sessions with Plaintiff that explain the alleged psychological harm caused by alleged complex regional pain syndrome. (Resp. at 2–4.) It also argues that Dr. Shurman's financial interest in the case is not a reason to render her opinion unreliable because there is a separate agreement for Plaintiff to pay for the treatment provided by Dr. Shurman. (Resp. at 4–5.)

The Court finds that Dr. Shurman's opinion is reliable regarding Plaintiff's proffered need for psychological therapy and treatment. Under Rule 703, "[a]n expert may base an opinion on facts or data in the case that the expert has . . . personally observed." Furthermore, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703. When a court relies on Rule 703, "the requirement that witnesses have personal knowledge of the matter to which they testify" is relaxed. *Claar v. Burlington Northern R. Co.*, 29 F.3d 499, 501 (9th Cir. 1994). More importantly, under Rule 703 "an expert is permitted wide latitude to offer opinions." *Daubert*, 509 U.S. at 592.

Here, Dr. Shurman relies on facts she personally observed from Plaintiff during therapy sessions, Plaintiff's last recorded treatment in 1998, and Plaintiff's lack of treatment for approximately ten years prior to the incident at issue. (Doc. 154-1 Ex. 1, Dr. Shurman's Report; Mot. at 9–10.) It is reasonable for Dr. Shurman to opine on Plaintiff's potential psychological therapy and treatment needs because Rule 703 "permits an expert to rely on inadmissible facts or data to base their conclusions or inferences" and Dr. Shurman's opinion can help the jury understand the severity of Plaintiff's alleged condition. *Thompson v. Polaris Industries Inc.*, 2019 WL 2173965 at *12 (D. Ariz. May 17, 2019); *see also U.S. v. Patterson*, 819 F.2d 1495, 1507 (9th Cir. 1987) (finding that under Rule 703 facts or data relied upon for expert testimony are admissible when they help the

jury understand complex subject matter). At best, Defendant's arguments go to the weight of the evidence and not its admissibility. *See U.S. v. Vallejo*, 237 F.3d 1008, 1021 (9th Cir. 2001) (holding that treating psychologist's expert testimony was admissible under Rule 703 because opinion was based on years of psychological treatment of Defendant coupled with expert's background in psychology).

The Court also does not agree that Dr. Shurman's alleged financial interest in the case renders her opinion unreliable. This case differs from *Marbled Murrelet v. Babbitt*, cited by Defendant, in that payments made to Dr. Shurman are for the purpose of treating Plaintiff and not to act on behalf of Plaintiff nor to advocate for her. *See* 880 F. Supp. 1343, 1363 (N.D. Cal. 1995). Defendant can cross-examine Dr. Shurman on any possible conflict of interest.

## III. CONCLUSION

The Court finds that Dr. Shurman's opinions regarding Plaintiff's need for psychological therapy and treatment are reliable and not precluded by a conflict of interest.

**IT IS THEREFORE ORDERED** denying Defendant's *Daubert* Motion to Exclude Plaintiff's Expert, Dr. Gloria Shurman, Ph.D. (Doc. 154).

Dated this 26th day of June, 2019.

Honorable John J. Tuchi
United States District Judge