**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Cameron, | No. CV-17-08082-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Lowes Home Centers Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Christine Cameron's Motion to Preclude Testimony from Defense Expert M. Eric Gershwin, M.D. (Doc. 156, Mot.), to which Defendant Lowe's Home Centers, LLC filed a Response (Doc. 164, Resp.), and Plaintiff filed a Reply (Doc. 170, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.　LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been

subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends the on knowledge and experience of the expert, rather than a particular methodology. *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595 (citation omitted).

**II. ANALYSIS**

Plaintiff contends that Defendant's expert, Dr. Gershwin, has failed to prove he has the necessary education and background to opine on complex regional pain syndrome (CRPS). (Mot. at 6.) She argues that Dr. Gershwin is a "Rheumatologist with expertise in Immunology" but that his testimony provides no opinion in regard to rheumatology. (Mot. 4.) Moreover, Plaintiff asserts that Dr. Gershwin's testimony is not relevant or

reliable because it contains no medical analysis specifically tied to Plaintiff's CRPS. (Mot. 5, 6; Reply 2.) In response, Defendant argues that Dr. Gershwin is a renowned rheumatologist with a "unique perspective on CRPS" that qualifies him to make "the connection between CRPS and autoimmunity," and that this connection will help the jury understand pain syndromes and the diagnosis and treatment of patients with pain. (Resp. at 2–4.)

### A. Whether Dr. Gershwin is Qualified as an Expert to Opine on CRPS

Plaintiff argues that Dr. Gershwin's report "does not establish [his] knowledge or treatment of patients who suffer from CRPS" and that he failed to provide "any of his own expertise in his report related to the specific medical condition of CRPS." (Mot. at 5.) Conversely, Defendant contends that Dr. Gershwin does, in fact, have "specialized knowledge" about CRPS and, in support, offers three scholarly publications he participated in writing regarding CRPS. (Resp. at 3.)

After reviewing Dr. Gershwin's 25-page report, 134-page CV, and three CRPS articles, the Court finds that he is qualified to offer opinions regarding CRPS. Under Rule 702, "[a] witness who is qualified as an expert by knowledge . . . may testify in the form of an opinion." In preliminarily assessing the validity of a purported expert, a consideration that bears on the inquiry is "whether it has been subjected to peer review and publication." *Daubert*, 509 U.S. at 580. Although he may be an immunologist, Dr. Gershwin has co-written several articles on CRPS, at least one of which has been cited by over 100 "peer review publications." (Resp. at 3.) His knowledge meets the standards prescribed under Rule 702. Therefore, the Court will allow Dr. Gershwin to opine on CRPS.

### B. Reliability of Dr. Gershwin's Opinions Regarding Plaintiff

Plaintiff also argues Dr. Gershwin's report "is not tied to the facts of the case" and "cannot assist the trier of fact" because he "does not explain with any specificity . . . how any of the summarized medical journals or articles in his report are tied to the facts of this case." (Reply at 2.) In response, Defendant contends that Dr. Gershwin's "citations to medical literature show his opinions on CRPS are based on sound scientific facts and data"

and that his testimony "will be helpful to [the jury] in determining issues of plaintiff's past and future economic and non-economic damages should [they] find any liability" along with providing "the trier of fact [with] the history and understanding of how CRPS began." (Resp. at 4–5.)

Although Dr. Gershwin may be qualified to opine on CRPS, the Court finds portions of his testimony unreliable. He concludes that Plaintiff "should be treated with a rigorous program of physical therapy and [submits] that she will have an excellent response and become fully functional and without pain in 6 months" by citing to the report of an examining and treating physician, Dr. Williams. (Doc. 156, Ex. 1, Gershwin Report at 20.) Because a review of Dr. Gershwin's report does not reveal evidence that he has ever treated a patient suffering from CRPS or that he examined Plaintiff himself, the Court does not find Dr. Gershwin's conclusion reliable. Dr. Williams can testify himself as to what his examination of Plaintiff revealed and what course of treatment is appropriate, as can other treating and/or examining physicians. Moreover, the Court cannot find Dr. Gershwin's testimony regarding economic and non-economic damages to be reliable because he has not demonstrated a specific expertise in this area.

However, Dr. Gershwin may opine on the connection between CRPS and autoimmunity because his opinion in this regard is sufficiently reliable. This testimony derives from a literature review of over 25 articles which directly address CRPS. (Gershwin Report.) *See Allen v. Hylands, Inc.*, 2019 WL 2142843 (9th Cir. May 15, 2019) (affirming district court's denial of motion to exclude expert testimony from toxicologist whose opinion on relationship between hormesis and homeopathy derived from a literature review of several peer-reviewed sources in his field.) In sum, the Court will deny in part and grant in part Plaintiff's Motion.

### III. CONCLUSION

For the above reasons, the Court finds that Dr. Gershwin is qualified to opine on CRPS and that his proposed testimony is reliable in regard to autoimmunity and its

relationship to CRPS. Dr. Gershwin may not offer his proposed testimony regarding the length of Plaintiff's recovery time or Plaintiff's economic and non-economic damages.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion to Preclude Testimony from Defense Expert M. Eric Gershwin, M.D. (Doc. 156) as specified in this Order.

Dated this 26th day of June, 2019.

Honorable John J. Tuchi
United States District Judge