WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Christine Cameron,

    Plaintiff,

v.

Lowes Home Centers Incorporated, *et al.*,

    Defendants.

No. CV-17-08082-PCT-JJT

**ORDER**

At issue is Plaintiff Christine Cameron's Motion to Preclude Testimony from Defense Expert Roger Thrush (Doc. 157, Mot.), to which Defendant Lowe's Home Centers, LLC filed a Response (Doc. 163, Resp.), and Plaintiff filed a Reply (Doc. 173, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.    LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional

community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends the on knowledge and experience of the expert, rather than a particular methodology. *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595 (citation omitted).

**II.     ANALYSIS**

Plaintiff argues that Defendant's expert, Dr. Thrush, should not be allowed to opine on how Plaintiff's physical injuries restrict her employment because his opinions are essentially medical opinions and he "does not have a medical background to make any determination as to work limitations and/or medical opinions regarding Plaintiff." (Reply at 1.) Moreover, Plaintiff contends that Dr. Thrush's proposed report is irrelevant because "there is no issue raised" about Plaintiff's earning capacity and she "continues to work in the same field." (Reply at 2.) In response, Defendant contends that Dr. Thrush's testimony

is distinct from other defense experts and any medical references he makes are based upon Plaintiff's deposition testimony and a medical examiner's report. (Resp. at 3.)

### A. Dr. Thrush's Reliance on Medical Opinions is Reliable in Part and Does Not Preclude his Vocational Rehabilitation Testimony

Plaintiff asserts that Dr. Thrush offers "no new opinions of his own that will be helpful to the trier of fact" and that his reliance on Defendant's medical expert opinions in assessing "Plaintiff's medical injuries and . . . her ability to work" is impermissible. (Reply at 2.) Plaintiff further contends that Defendant's admission that "a vocational rehabilitation expert [like] [Dr.] Thrush does not do a medical evaluation, diagnosis, or prognosis" demonstrates that he should not be allowed to provide opinions regarding Plaintiff's physical injuries. (Reply at 2.) In response, Defendant argues that Dr. Thrush uses the medical opinions of expert witnesses to lay the foundation for his opinion of Plaintiff's "employability and ability to perform certain job functions." (Resp. at 3.)

After reviewing Dr. Thrush's report, the Court concludes that his reliance on Defendant's medical experts' opinions does not preclude the entirety of his vocational rehabilitation testimony. Rule 703 allows an expert to "base an opinion on facts or data in the case that the expert has been made aware of," and "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Here, Plaintiff concedes that "it is well-accepted that vocational experts frequently rely upon the opinions of treating doctors, physical therapists and rehabilitation professionals." (Reply at 2.) The "hearsay opinions" Plaintiff refers to from *Michaels v. Taco Bell Corp.* are distinct from those in this case. 2013 WL 12318545 (D. Or. Apr. 19, 2013) (Reply at 2.) In *Michaels*, the expert opinion at issue "rel[ied] on undisclosed expert opinions" from doctors, "one of whom had not previously been identified or disclosed," and the other "who . . . did not testify to the conclusion cited by the expert" at issue. *Id.* at *9. Here, Dr. Thrush's report only refers to disclosed experts. (Doc. 163, Ex. 2, Thrush Report.) Moreover, none of the opinions he cited deviate from the proffered opinions of the experts. (Thrush Report.)

However, in a separate Order, the Court excluded a portion of the proposed testimony of another defense expert, Dr Gershwin, that "Ms. Cameron should be treated with a rigorous program of physical therapy and . . . that she will have an excellent response and become fully functional and without pain in 6 months." Thus, to the extent that Dr. Thrush's testimony relies on this portion of Dr. Gershwin's testimony, Dr. Thrush's opinion is precluded.

### B. Dr. Thrush's Opinion is Relevant

Plaintiff also argues that there is no need for Dr. Thrush's expert testimony because no issue has been raised implicating Plaintiff's future employment potential. (Reply at 2.) In response, Defendant argues that Dr. Thrush's testimony is relevant and admissible because he opines on "Plaintiff's ability to work in the same capacity as before the alleged incident." (Resp. at 3.)

The Court concludes that Dr. Thrush's testimony is relevant. Under Rule 702, a witness may testify in the form of an opinion if "the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Because Plaintiff's ability to work in the same capacity as before the accident goes to Plaintiff's damages, Dr. Thrush's testimony is relevant.

### III. CONCLUSION

For the above reasons, the Court concludes that Dr. Thrush's testimony is reliable in part and relevant with regard to damages. Dr. Thrush's proposed testimony is admissible except to the extent it relies on excluded testimony of Dr. Gershwin.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion to Preclude Testimony from Defense Expert Roger Thrush (Doc. 157) as specified in this Order.

Dated this 26th day of June, 2019.

Honorable John J. Tuchi
United States District Judge