1  **WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Christine Cameron, | No. CV-17-08082-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Lowes Home Centers Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Christine Cameron's Motion to Preclude Testimony from Defense Expert Nancy Michalski (Doc. 158, Mot.), to which Defendant Lowe's Home Centers, LLC filed a Response (Doc. 162, Resp.), and Plaintiff filed a Reply (Doc. 171, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.    LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been

subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends the on knowledge and experience of the expert, rather than a particular methodology. *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595 (citation omitted).

**II.     ANALYSIS**

Plaintiff contends that the expert report and testimony of defense expert Ms. Michalski is not allowed under Arizona's collateral source rule. (Mot. at 1.) Moreover, Plaintiff argues that Ms. Michalski is neither designated nor qualified to testify "as to whether Plaintiff's medical care was necessary." (Reply at 4.) In response, Defendant asserts that, "[p]ursuant to Arizona law, [Ms. Michalski's] opinion and testimony is proper

as Plaintiff is entitled to fair compensation for the reasonable expenses of necessary medical care." (Resp. at 1–2.)

### A. Ms. Michalski's Testimony Regarding Plaintiff's Medical Expenses Does Not Violate Arizona's Collateral Source Rule

Plaintiff states that, under Arizona law, "plaintiffs are entitled to claim and recover the full amount of reasonable medical expenses that they are charged, without any reduction for the amounts apparently written off by healthcare providers pursuant to contractually agreed-upon rates with medical insurance carriers." (Mot. at 4.) She argues that Defendant "attempts to introduce evidence of medical billing that has been reduced" by Plaintiff's insurance carrier. (Mot. at 5.) For its part, Defendant asserts that, "[u]nder Arizona law, Plaintiff is only entitled to recover reasonable expenses for medical care." (Resp. at 3.) It argues that Ms. Michalski's opinion provides analysis of the "reasonable value of plaintiff's medical expenses." (Resp. at 3.)

After reviewing Ms. Michalski's report, the Court concludes that her testimony regarding Plaintiff's "reasonable and customary expenses of past medical care received" does not violate Arizona's collateral source rule. (Doc. 158, Ex. 1, Michalski Report.) In *Lopez v. Safeway Stores, Inc.*, cited by Plaintiff, the Arizona Court of Appeals state that "the focal point of the collateral source rule is . . . whether a tort victim has received benefits from a collateral source that cannot be used to reduce the amount of damages owed by a tortfeasor." 129 P.3d 487, 495 (Ariz. Ct. App. 2006). Ms. Michalski's estimates of Plaintiff's medical expenses do not derive from a collateral source. They are grounded in purported industry principles she uses to determine reasonable and customary medical expenses. (Doc. 158-1, Ex. 1, Michalski Report.) Therefore, the Court will deny Plaintiff's Motion on this point.

### B. Plaintiff's Claim that Ms. Michalski Is Preparing an Untimely Supplemental Report Is Not Ripe

Plaintiff claims that Ms. Michalski has not supplemented her report with "additional medical billing subsequent to her report" and argues that permitting her to provide any

supplemental opinions "not timely provided to Plaintiff's counsel" would violate Federal Rule of Civil Procedure 26(e). (Mot. at 5.) Rule 26(e) provides, in part, that "[a]ny additions or changes to . . . information [in expert witness's report] must be disclosed by the time the party's pretrial disclosures . . . are due." The Scheduling Order (Doc. 15) set a deadline for Rule 26(a)(3) pretrial disclosures of March 23, 2018, and although the parties moved to continue other discovery deadlines in this case, they did not move to continue the Rule 26(a)(3) pretrial disclosure deadline. In any event, Plaintiff does not argue that Ms. Michalski has supplemented her report. If she does, and Plaintiff believes the supplement is untimely, Plaintiff can raise the issue with the Court at that time.

### C. Ms. Michalski May Not Opine on Whether Plaintiff's Medical Treatment Was Necessary

Plaintiff alleges that Ms. Michalski "attempts to present opinion that [portions of] Plaintiff's medical billing was not necessary" because they fall "outside of treatment guidelines." (Reply at 4.) Rule 702 allows an expert witness to testify in the form of an opinion if "the testimony is the product of reliable principles and methods." Ms. Michalski has been designated to testify about the "reasonableness of medical billing incurred by Plaintiff"; not whether the medical treatment itself was necessary. (Reply at 4.) The medical experts can testify as to the necessity of Plaintiff's treatment. Accordingly, the Court will grant Plaintiff's Motion to the extent it seeks to preclude Ms. Michalski's testimony regarding whether Plaintiff's medical treatment was necessary.

## III. CONCLUSION

For the above reasons, the Court finds that Ms. Michalski's report does not violate Arizona's collateral source rule, but she may not opine on the necessity of Plaintiff's medical treatment.

. . . .

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion to Preclude Testimony from Defense Expert Nancy Michalski (Doc. 158) as specified in this Order.

Dated this 26th day of June, 2019.

Honorable John J. Tuchi
United States District Judge